# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION - DAYTON

| | | |
|---|---|---|
| SUSAN PAGE, | ) | CASE NO.: 3:12-CV-00103 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE WALTER H. RICE |
| | ) | |
| UNIMERICA INSURANCE COMPANY, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## STIPULATED PROTECTIVE ORDER

The parties assert that certain documents and information at issue in this case or sought by the parties in discovery contain confidential or proprietary information and require protection against unrestricted disclosure and use. This order is to preserve and maintain the confidentiality of limited and defined classes of confidential and proprietary information that may be disclosed through settlement negotiations, testimony, and/or the production of certain records during the course of discovery. The parties to this action have agreed to enter into this Protective Order to provide each other with protection against unrestricted disclosure and use. Therefore, it is hereby ORDERED as follows:

1. This Protective Order shall govern the disclosure and use of confidential information produced in connection with this litigation. The measures designated by the parties in this Protective Order are reasonable and will not prejudice anyone or unduly burden the Court.

2. This Protective Order is necessary to preserve legitimate proprietary and privacy interests and establishes a procedure for disclosing confidential information to the parties in this

litigation, imposes obligations on persons receiving confidential information to protect it from unauthorized use or disclosure, and establishes a procedure for challenging confidentiality designations.

3. The entry of this Protective Order does not waive any objections raised in response to discovery, nor does this Protective Order in any way obligate any party to produce any specific documents or records in the future which are not otherwise discoverable.

4. This Protective Order is intended to preserve and maintain trade secrets as well as confidential and proprietary information, the disclosure of which could cause injury or damage to the parties.

5. CONFIDENTIAL documents, information, or testimony, for purposes of this Order, means any document, information, or testimony that has been designated by any party as CONFIDENTIAL or as part of the record regardless of whether said designation is made in sworn testimony, in documents produced in formal or informal discovery, at a hearing, trial, or in any documents submitted to the Court.

6. In designating materials, documents, information, or testimony, for purposes of this Order, the parties will designate as CONFIDENTIAL only those portions thereof that contain trade secrets or individuals' private medical or health information.

7. All documents, information, or testimony designated as CONFIDENTIAL shall be produced during discovery provided that: (a) such documents, information, and testimony shall be used and disclosed only in trial, preparation for trial, or any appeal in this action, shall not be used for competitive or business purposes and shall not be used or disclosed by any party

2

or person subject to this Order for, any other purposes whatsoever and (b) all such documents and information or copies or written or typed summaries thereof will remain at all times during the course of this action in the custody of the parties' counsel (unless filed with the Court as described in paragraph 11 of this Order) until returned pursuant to paragraph 10 of this Order.

8. Documents and information deemed by any party to be confidential under this Order shall have endorsed on the document and/or any copies provided to opposing counsel the word "CONFIDENTIAL." Testimony deemed to be confidential under this Order shall be so designated. Each party to this cause shall endeavor to designate those portions of deposition testimony which it deems "CONFIDENTIAL" at the time of the deposition, but in no event later than thirty (30) days following receipt of the transcript from the reporter. The failure to challenge the designation of CONFIDENTIAL at the time of its disclosure shall not be deemed a waiver of the right to challenge the propriety of such designation any time thereafter. The failure to designate documents, information, or testimony as CONFIDENTIAL at the time of production or revelation shall not preclude later designation. From the time such post-production or post-revelation designation is made, it shall have the same effect as if each individual item designated on a post-production or post-revelation basis was in fact designated as set forth in this paragraph at the time of production or revelation. Notice of such post-production or post-revelation designation shall be given in writing to all parties to whom such document, information, or testimony has previously been furnished.

9. Documents or the substance or contents of documents and information designated as CONFIDENTIAL as well as all notices and memoranda relating thereto, and information derived therefrom, shall be used and disclosed only in trial, preparation for trial, including but

not limited to use during depositions, or any appeal in this action and only to the following persons:

    (a)    The parties and counsel for the parties;

    (b)    Experts or other individuals retained or otherwise engaged by either party for purposes of testifying in this action;

    (c)    Employees of counsel of record for the parties or associate or co-counsel of the parties or testifying experts who provide services of any kind for purposes of trial, preparation for trial, or appeal in this action;

    (d)    Judges and juries and stenographic reporters to the extent necessarily incident to trial, preparation for trial, or appeal.

The parties agree that disclosure to the persons described in (a)-(c) above is conditioned upon those persons being bound by the terms of this Order. The parties further agree that disclosure by counsel to any person described in (b) above is conditioned upon that person having executed the agreement attached as Exhibit A hereto and that counsel will file all agreements so executed with the Court upon the request of opposing counsel.

    10.    Within thirty (30) days of the termination of this action, whether by judgment, final decision on appeal, or otherwise, any party that has received any documents designated as CONFIDENTIAL, shall destroy or return, through their counsel, to the party producing the documents, all copies of said documents that have been designated as CONFIDENTIAL or that are otherwise subject to the terms of this Order and will retain no such documents or copies thereof for any purposes.

11. All documents or parts thereof or testimony directly relating thereto that have been designated as CONFIDENTIAL and that are submitted to the Court prior to trial may be filed under seal with the Court. A party wishing to file a CONFIDENTIAL document produced by the other party shall first contact the party that designated the document as CONFIDENTIAL to determine whether that party requires said document(s) to be filed under seal. The party requesting that a document be filed under seal shall file a motion with the Court requesting that such documents be filed under seal. If the Court approves such a motion, the CONFIDENTIAL document shall be contained in a sealed envelope or envelopes on which shall be noted the caption of this case, the nature of the contents, the word CONFIDENTIAL and the following statement:

> This envelope contains material that was filed by [*name of party*] in Case No. 2:11-CV-1096 and is not to be opened by, nor may its contents be displayed or revealed to, anyone other than the Court or counsel in this case, except as otherwise directed by this Court.

Such sealed documents shall be maintained in such condition by the Court subject to access and use for this action by the Court or counsel.

12. If any party wishes to challenge another party's designation of information as CONFIDENTIAL and the parties cannot resolve the matter informally, the parties shall jointly bring the matter to the Court's attention. The party asserting confidentiality shall bear the burden of proof before the Court for supporting the asserted confidential status.

13. Any inadvertent production or disclosure of material subject to any applicable privilege or work product immunity shall not be a waiver of such privilege or immunity. Immediately upon notice of the disclosure, any privileged or work product material inadvertently disclosed shall be returned, and counsel for the receiving party shall refrain from any further

discussion, disclosure, and sharing of the inadvertently disclosed material or the content thereof with the receiving party or anyone other than persons employed by or with counsel for the receiving party. The receiving party and/or counsel for the receiving party shall make no copies of the inadvertently disclosed material.

14. The provisions of this Protective Order shall not affect the admissibility of evidence or any objections to same at trial or in any other proceedings in Court except as may be provided by separate Order or agreement. In addition, nothing herein shall be construed as making any particular information or document discoverable in this action which might otherwise be objectionable.

15. This Protective Order maybe modified by further order of the Court.

FOR GOOD CAUSE, IT IS SO ORDERED this 25th day of April, 2012.

_____
Judge

Agreed to by Counsel:

*s/ Philip F. Brown*
Philip F. Brown
Philip F. Brown, LLC
Suite 210
503 South Front Street
Columbus, OH 43215

ATTORNEYS FOR PLAINTIFF
SUSAN PAGE


*s/ Holly Marie Wilson*
Holly Marie Wilson
REMINGER CO., L.P.A.
1400 Midland Building
101 Prospect Avenue, West
Cleveland, OH 44115

ATTORNEYS FOR DEFENDANT
UNIMERICA INSURANCE CO.

*s/ Kathleen M. Anderson*
Kathleen M. Anderson
BARNES & THORNBURG LLP
600 One Summit Square
Fort Wayne, Indiana 46802
Telephone: (260) 423-9440
Facsimile: (260) 424-8316
Email: kathleen.anderson@btlaw.com

ATTORNEYS FOR DEFENDANT
JOHNSON ELECTRIC NORTH AMERICA,
INC., PROPERLY IDENTIFIED AS SAIA-
BURGESS, INC.