IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SUSAN PAGE,                                         :

                                                 Case No. 3:12-cv-103

              Plaintiff,

                                                 District Judge Walter Herbert Rice
                                                 Magistrate Judge Michael R. Merz

    -vs-

UNIMERICA INSURANCE
COMPANY, *et al.*,

              Defendants.                  :

## ORDER FOR EVIDENTIARY HEARING

       This matter is before the Court on Defendant Johnson Electric North America, Inc.'s, Motion to Enforce Settlement and Dismiss with Prejudice. (Doc. No. 28.) The parties have fully briefed the issues, *Id.*; Doc. Nos. 34, 38.

       Plaintiff Susan Page filed this action against Johnson Electric and Unimerica Insurance Company seeking benefits under a Group Life Accidental Death and Dismemberment and Long Term Disability Certificate of Coverage Policy ("Plan") issued by Unimerica to Johnson Electric (Complaint, Doc. No. 2). Ms. Page initially filed this action in the Eastern Division of this Court in Columbus. See Doc. 2. Magistrate Judge Deavers determined that, pursuant to S. D. Ohio Civ. R. 82.1, venue was proper in the Western Division at Dayton and ordered the case transferred (Doc. No. 15).

       Upon transfer the case was re-assigned to District Judge Rice who, on August 16, 2012, referred the case to the undersigned pursuant to 28 U.S.C. § 636(b) "to perform any and all

1

functions authorized for full-time United States Magistrate Judges by statute" (Preliminary Pretrial Conference Order, Doc. No. 20, PageID 121).  Because the instant Motion is dispositive within the meaning of the Magistrates' Act, the undersigned will file a report and recommendations for Judge Rice's ultimate decision of the Motion.

The Complaint avers that Ms. Page's husband, Roy Page, was employed by Johnson Electric beginning October 1, 1996. *Id.*, PageID 3-4. Over a period of time, Mr. Page suffered two strokes, had diabetes-related gangrene of his right foot, peripheral artery disease, and foot ulcers. *Id.* at PageID 4. Effective March 13, 2010, Unimerica determined that Mr. Page was totally disabled and entitled to short term disability benefits under the Plan. *Id.* Prior to becoming disabled, Mr. Page was enrolled in the Plan's life insurance program and Johnson Electric paid the premiums. *Id.* The Plan provided for life insurance benefits in an amount equal to 1.5 times Mr. Page's salary of $130,690.52. *Id.* The Plan also provided that once a plan participant ceased to be eligible for employer-paid life insurance coverage, he could convert his life insurance to an individual policy which Unimerica offered. *Id.* Mr. Page did not do so and died on April 7, 2011. *Id.* at PageID 5. Subsequently, Unimerica denied Ms. Page's claim for Mr. Page's life insurance on the basis that Mr. Page did not convert his employer-paid life insurance coverage to an individual policy within ninety days of the date he became disabled. *Id.* Unimerica denied Ms. Page's appeal, *Id.*, and this action followed.

Essentially, Ms. Page's litigation position is that in spite of numerous telephone conversations and written contact with representatives of Johnson Electric and Unimerica during the period May 20 through October 5, 2010, neither Johnson Electric or Unimerica advised her or Mr. Page of the conversion requirement *Id.* at PageID 5-7. Additionally, Ms. Page avers that the Plan contains no "practical information" that would advise a plan participant or beneficiary

how to elect conversion overage under the Plan or obtain a form for that purpose. *Id.* at PageID 7. Ms. Page brought claims for breach of fiduciary duty under ERISA, equitable estoppel, and promissory estoppel against both Johnson Electric and Unimerica. At the time Page filed her Complaint, she was represented by attorney Philip Brown. PageID 8-13.

Johnson Electric seeks to enforce a confidential settlement which it alleges it and Ms. Page entered into on October 26, 2012. (Motion to Enforce, Doc. No. 28, PageID 268.) In support of its Motion, Johnson Electric has provided several documents, filed under seal, which provide a roadmap of events which led to the settlement and which occurred after the parties allegedly agreed to settle the matter. *Id.* at Attachments 1 through 17, (Exs. A through N), PageID 275-328. Those documents establish, *inter alia,* that Mr. Brown represented Ms. Page during the settlement negotiations. *Id.*

On January 10, 2013, after Johnson Electric filed the present Motion, attorney Dwight D. Brannon entered his appearance "as counsel for Plaintiff, Susan Page, for purposes of any issues of the purported settlement." (Doc. No. 27, PageID 207.) On January 22, 2013, Ms. Page's counsel Mr. Brown filed under seal his January 17, 2013, Affidavit which avers that he cannot represent to the Court that he has an understanding of events that is inconsistent with the representations made in the documents Johnson Electric provided in support of its Motion. (Doc. No. 30, Attachment 1  PageID 334-35.) Thereafter Mr. Brown withdrew and Mr. Brannon became Ms. Page's trial attorney (Doc. No. 39).

On February 5, 2013, Ms. Page, through Mr. Brannon, filed her opposition to Johnson Electric's Motion. (Doc. No. 34.) A large part of Ms. Page's opposition is devoted to a recitation of her version of the facts which form the basis of her Complaint and her arguments as to the merits of her claims. *Id.,* at PageID 345-51. Neither, of course, is relevant to the present Motion.

With respect to the Motion before the Court, it seems that Ms. Page's position is that she never gave Mr. Brown authority to settle this matter on her behalf. *Id.* at PageID 351-57. In support, Ms. Page has submitted her February 5, 2013, eighty-four paragraph Affidavit, as well as several pieces of correspondence between herself and Mr. Brown, including, *inter alia,* correspondence related to settlement. *Id.* at  PageID 359-368, 479; 480; 488-89; 490; 497-500; 501.  In addition to opposing Johnson Electric's Motion, Ms. Page seeks "payment of attorney fees … and the non-enforceability of any settlement, as there was none" and "the further rebel [sic] to which she is entitled at law."  *Id.* at PageID 357.

In Reply, Johnson Electric argues that Ms. Page has presented no material opposition to its Motion, that her position that she did not give Mr. Brown authority to settle the matter is contradicted by the documents it provided, and that she entered into a valid settlement agreement with Johnson Electric. (Reply, Doc. No. 38.)

 "An oral agreement to settle a claim is enforceable under federal law." *Wyche v. Procter & Gamble,* 772 F. Supp. 982, 984 (S.D. Ohio 1990)(citations omitted). Under Ohio law, "a valid settlement agreement is a contract between parties requiring a meeting of the minds as well as an offer and acceptance." *Smith v. ABN Amro Mortg. Group Inc.,* 434 Fed. Appx. 454, 460 (6th Cir. 2011), *citing Rulli v. Fan Co.,* 79 Ohio St.3d 374 (1997)(syllabus). Although "[i]t is preferable that a settlement be memorialized in writing, … an oral settlement agreement may be enforceable if there is sufficient particularity to form a binding contract." *Smith, supra,* citing *Kostelnik v. Helper*, 96 Ohio St.3d 1 (2002). "To constitute a valid settlement agreement, the terms of the agreement must be reasonably certain and clear." *Smith, supra, citing Ruli,* [79 Ohio St.3d at 376]. It is well established that a district court has the inherent power to enforce agreements entered into in settlement of litigation pending before it. *Wyche,* 772 F. Supp at 983,

4

*citing Bostick Foundry Co. v. Lindberg, a Div. of Sola Basic Industries, Inc.,* 797 F.2d 280, 282-83, *cert. denied,* 479 U.S. 1066 (1987). "A plaintiff who knowingly and voluntarily agrees to settle his claims is bound by his agreement." *Wyche,* 772 F.Supp. at 983, *citing Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 52 n. 15 (1974).

> Under Ohio, law, absent express authorization by his client, an attorney does not have authority—apparent or otherwise—to settle his client's claim:
>
>> [T]he rule regarding an attorney's authority is clear. Unless the attorney has been expressly authorized to do so, he has no implied or apparent authority, solely because he was retained to represent the client, to negotiate or settle the client's claims.

*Hinton v. Trinity Highway Products, LLC,* No. 4:12-cv-1063, 2012 WL 5054140 *3 (N.D. Ohio Oct. 18, 2012), *quoting Ottawa County Commissioners v. Mitchell,* 17 Ohio App.2d 208, 212 (Ohio App. 6th Dist. 1984); *Morr v. Crouch,* 19 Ohio St.2d 24 (1969)("[T]he rule in Ohio … is that an attorney who is without specific authorization has no implied power by virtue of his retainer to compromise and settle his client's claim or cause of action.").

Under the relevant law, in order to succeed in enforcing the settlement agreement, Johnson Electric must demonstrate not that it had good reason to believe that Mr. Brown had authority to settle Ms. Page's claims, but rather that Ms. Page had expressly authorized Mr. Brown to settle her claim. *See*, *Hinton,* 2012 WL 5054140 at *3.

Quite simply, this is a situation of "he said/she said" and as such, cannot be resolved "on paper." Rather, the Court finds that an evidentiary hearing is required because credibility is a determinative factor. Specifically, the Court requires the in-person sworn testimony of Mr. Brown and Ms. Page in order to answer the question of whether Ms. Page gave Mr. Brown express authorization to settle the within matter.

As noted above, in support of her opposition to Johnson Electric's present Motion, Ms. Page voluntarily disclosed correspondence between herself and her counsel Mr. Brown. Because a client's voluntary disclosure of confidential communications is inconsistent with an assertion of the attorney-client privilege, such voluntary disclosure waives a claim of privilege with regard to communications on the same subject matter. *Hollingsworth v. Time Warner Cable,* 157 Ohio App.3d 539*,* 560 (Ohio App. 1st Dist. 2004)(citation omitted); *see also*, *In re Grand Jury Proceedings Oct. 12, 1995,* 78 F.3d 251, 254 (6th Cir. 1996). There is no material difference between Ohio's attorney-client privilege and the federal attorney-client privilege. *Guy v. United Healthcare Corp.,* 154 F.R.D. 172, 177 (S.D. Ohio 1993). Therefore, there is no attorney-client privilege issue with respect to the subject matter covered in the correspondence between Ms. Page and Mr. Brown and which Ms. Page voluntarily disclosed. That includes her discussions with Mr. Brown with regard to settlement negotiations.

Counsel, including Mr. Brown, shall consult among themselves to determine an available date for an in-person evidentiary hearing after April 15, 2013, and advise the Court's judicial assistant Kelly Kopf at 937-512-1551 of the available dates. The Court will then set the hearing.

March 29, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge