IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SUSAN PAGE, | : |
| Plaintiff, | Case No. 3:12-cv-103 |
| v. | : |
| UNIMERICA INSURANCE COMPANY, et al., | DISTRICT JUDGE WALTER H. RICE |
| | : |
| Defendants. | MAGISTRATE JUDGE MICHAEL R. MERZ |

---

DECISION AND ENTRY ADOPTING THE REPORT AND RECOMMENDATIONS (DOC. #55) OF THE UNITED STATES MAGISTRATE JUDGE; OVERRULING DEFENDANTS' OBJECTIONS (DOC. #56) TO SAID JUDICIAL FILING; OVERRULING DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AND DISMISS WITH PREJUDICE (DOC. #28), AND OVERRULING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES (DOC. #34); CONFERENCE CALL SET

---

Defendant Johnson Electric North America, Inc. ("Defendant" or "Johnson Electric"), filed a Motion to Enforce Settlement and Dismiss with Prejudice ("Motion to Enforce") on December 31, 2012, arguing that Plaintiff Susan Page ("Plaintiff" or "Page") attempted to renege on a valid settlement agreement. Doc. #28. In the Motion to Enforce, Johnson Electric requested that the Court declare the settlement valid, order Plaintiff to execute the written settlement agreement, and dismiss her lawsuit with prejudice.

1

Plaintiff filed a Response to Johnson Electric's Motion to Enforce on February 5, 2013, arguing that the attorney who represented her during settlement negotiations did not have the express authority to enter into the purported settlement agreement. Doc. #34 at 2-4.

On June 27, 2013, United States Magistrate Judge Michael R. Merz conducted an oral hearing on the Motion to Enforce. Doc. #49. Both Plaintiff and her former counsel, Philip F. Brown ("Brown"), testified, and various exhibits were admitted.

On January 17, 2014, the Magistrate Judge filed a Report and Recommendations, in which he recommended overruling Defendant Johnson Electric's Motion to Enforce. Doc. #55. Applying Ohio law to the question of whether the parties' settlement agreement is enforceable, the Magistrate Judge cited *Moor v. Crouch*, 249 N.E.2d 780, 783 (Ohio 1969), in which the Ohio Supreme Court stated that "the rule in Ohio and elsewhere is that an attorney who is without specific authorization has no implied power by virtue of his general retainer to compromise and settle his client's claim or cause of action." Noting that Plaintiff's October 26, 2012, correspondence to Brown conditioned her acceptance of the most recent settlement offer on her "reading of the actual settlement agreement," the Magistrate Judge concluded that her attorney did not have the specific authorization required under Ohio law to bind his client when he communicated acceptance to Defendant Johnson Electric's counsel later that day.

2

Furthermore, after reviewing the testimony and the evidence admitted, the Magistrate Judge concluded that it was reasonable for Brown to believe that he had the authority to settle on behalf of his client, and it was reasonable for Defendant Johnson Electric's attorney to believe that the parties had entered into a settlement. Thus, he found no basis for sanctions under 28 U.S.C. § 1927, or for an award of attorneys' fees.

Defendant Johnson Electric objects to the Magistrate Judge's recommendation, arguing that Plaintiff had agreed to all material terms of the settlement before her October 26, 2012, correspondence to her attorney containing the purported reservation of authority. Doc. #56. Defendant characterizes Plaintiff's withholding of consent to the settlement, which she made "dependent upon my reading of the actual settlement agreement," as a misunderstanding of the Ohio law that governs settlement, because a written document is not required when there is a meeting of the minds.

However, Defendant's argument does not squarely address the principle issue, which is whether Plaintiff's attorney had the specific authority required by Ohio law to accept the last settlement offer on her behalf. Defendant is correct that Ohio law does not *require* a settlement agreement to be in writing, or executed, to be enforceable. *Kostelnik v. Helper*, 770 N.E.2d 58, 61 (Ohio 2002) (stating that an oral settlement agreement is enforceable under Ohio law if "there is sufficient particularity to form a binding contract"). However, it may be a condition of enforceability that the agreement be in writing or signed. *See Richard*

3

*A. Berjian, D. O., Inc. v. Ohio Bell Tel. Co.*, 375 N.E.2d 410, 413 (Ohio 1978) (stating that "it is well-established that courts will give effect to the manifest intent of the parties where there is clear evidence demonstrating that the parties did not intend to be bound by the terms of an agreement until formalized in a written document and signed by both"). Thus, Plaintiff certainly had the right to withhold her ultimate acceptance of settlement until she reviewed a memorialized agreement, if the evidence clearly shows that she intended to make such review a condition of settlement. Regardless of what her attorney did or did not communicate to Defendant during settlement negotiations, the evidence clearly shows that Plaintiff did have that intent.

Furthermore, Defendant is incorrect when asserting that Plaintiff had accepted all the material terms of the settlement agreement when she wrote to her attorney on October 26, 2012. Although Plaintiff's correspondence began by stating "I agree to accept $95,000 as settlement for my husband's life insurance claim of $196,000," she then stated: "This consent is dependent upon my reading of the actual settlement agreement, which I have not seen as of this date." The Magistrate Judge read the foregoing sentence as a limitation on her attorney's authority to accept on her behalf, "with reservation of authority in herself not to finally agree until she had seen and approved the final settlement documents." Doc. #55 at 11. The Court agrees. Plaintiff clearly intended to impose the condition of her review of a written agreement on her acceptance of the terms of settlement. In addition to limiting the authority of her attorney, Plaintiff's

4

statement also had effect of transforming her purported acceptance into a counteroffer. *Schiff v. Schiff*, 45 N.E.2d 132, 136 (Ohio Ct. App. 2d Dist. 1942) (stating that acceptance must be "identical with the offer and unconditional; if it is conditional or introduces a new term, it constitutes merely an expression of . . . a counter proposal, and does not complete the contract"). When Plaintiff's attorney subsequently communicated an "acceptance" of the settlement terms to Defendant's attorneys, his ability to do so was limited by the reservation of authority that Plaintiff had clearly expressed to him.

Defendant also believes that Plaintiff's words and actions amounted to a unilateral termination of the settlement agreement, based on her desire to "back out of the agreement after she accepted." Doc. #56 at 5. However, regardless of what Plaintiff said or did that Defendant might reasonably perceive as buyer's remorse, her attorney did not have the specific authority necessary to bind her to the settlement agreement. Plaintiff did not, and could not, unilaterally terminate the settlement agreement, because she was not bound by the acceptance that her attorney communicated to Defendant's counsel. In the absence of a valid settlement agreement, the Court attributes no significance to Plaintiff's vacillations, expressions of regret over negotiated terms, or refusal to perform.

Finally, the Court notes that Plaintiff does not object to the Magistrate Judge's conclusion that there was no basis for sanctions or an award of attorneys' fees, which he reached after determining that Brown reasonably believed that he had the authority to settle on behalf of his client and Defendant Johnson Electric's

5

attorney reasonably believed that the parties had entered into a valid settlement. Plaintiff does not object, and states that she "urges the Court to adopt the Report and Recommendations in full." Doc. #57 at 6. Although Plaintiff has not presented an objection on this issue, the Court notes that it agrees with the conclusion of the Magistrate Judge.

Based upon the reasoning and citations set forth by the United States Magistrate Judge in the Report and Recommendations (Doc. #55), as well as upon a thorough *de novo* review of the parties' memoranda and the applicable law, the Court ADOPTS the recommendations therein, and OVERRULES Defendants' Objections (Doc. #56) thereto.

Accordingly, Defendants' Motion to Enforce and Dismiss with Prejudice (Doc. #28) is OVERRULED, and Plaintiff's Motion for Attorneys' Fees (Doc. #34) is OVERRULED.

Counsel of record will note that a telephone conference call will be held between the Court and counsel, beginning at 9:00 a.m., on Tuesday, April 8, 2014, for the express purpose of establishing further procedures for the resolution of this litigation.

Date: March 25, 2014

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE